## IN RE WILL OF JOHN NOZICA.

*Error proceedings — Necessary parties and summons — Non-resident next of kin — Review of refusal to probate will.*

Next of kin, non-resident in the state, are required to be made
defendants in error and served with summons, or publication
made, in a proceeding in error to reverse a judgment refusing
to admit a will to probate, notwithstanding the fact that notice
to them of the hearing on the application to probate the will
is dispensed with by statute.

(Decided December 11, 1919.)

ERROR: Court of Appeals for Belmont county.

*Messrs. Mitchell & Mitchell,* for plaintiff in
error, Sava Nozica.

No counsel of record *contra.*

RICHARDS, J. This is a proceeding in error to
reverse a judgment of the court of common pleas
refusing to admit to probate an alleged nuncupative
will claimed to have been made by John Nozica, now
deceased.

The application to probate the nuncupative will
was duly made in probate court, and on hearing
was refused by that court; and the case passed by
appeal to the court of common pleas, where a like
judgment was rendered.

At the threshold of this case we are confronted
with the fact that no summons in error was issued
in the court of appeals, nor was there any entry of
appearance, nor any service by publication.

It will thus be seen that the important question
arises whether this court has any jurisdiction to re-

view the judgment rendered by the court of common pleas.

It is provided in Section 12259, General Code, that the proceedings to obtain a reversal of a judgment shall be by petition in error, and that a summons shall issue and be served, or publication made, as in the commencement of an action.

A proceeding in error is a new action, and not a mere removing or transplanting of the original action to the reviewing court. It is an independent proceeding, and under the statutes of Ohio, utterly different from the appeal of a case. *Levering* v. *The National Bank of Morrow County,* 87 Ohio St., 117.

The action in this court is not for the purpose of obtaining an order probating the will of the deceased, but is one to reverse a final judgment refusing such probate.

It appears from the record that John Nozica left at his death as his next of kin two brothers, the plaintiff in error, Sava Nozica, residing in Belmont county, and Tom Nozica, residing in Herzegovina.

Under the statutes governing the probate of wills no notice of the hearing on the application for such probate is required to be given to a nonresident of the state, and, therefore, no notice was served personally or otherwise on the brother living in Herzegovina, as such service was especially dispensed with by statute, and that statute was applicable alike to the probate court and to the common pleas court, where the case was tried on appeal; but the statute can have no application to an independent proceeding in error brought in this court to reverse

the judgment of the common pleas court refusing to admit the alleged nuncupative will to probate. Besides, the original proceeding to admit the alleged will to probate was in substance and effect a proceeding *in rem. Cross* v. *Armstrong*, 44 Ohio St., 613, 624.

We are not aware of any authority dispensing with the giving of notice, either actual or constructive, to the adverse party in a proceeding in error unless such adverse party shall have entered his appearance in the action. It follows, therefore, that the proceeding in error in this court must be dismissed.

We have, however, read the evidence contained in the bill of exceptions.

It appears from this bill of exceptions that John Nozica was on his deathbed in a hospital in Bellaire and was visited on November 2, 1918, by his two friends, Pero Bayat and Krsto Tosovich, and that he stated in their presence that he wished to leave his property to his brother, Sava Nozica. Pero Bayat testified that he then wrote down what John Nozica said, and the original writing in the Serbian language is introduced in evidence, together with a translation of the same made by Bayat's wife. The translation reads as follows:

*"Bellaire, November 22, 1918.*

"John Nozica, if I will die, I will leave everything what I got to my brother, Sava Nozica.

"PERO BAYAT,
"KRSTO TOSOVICH."

John Nozica died on November 4, 1918. The disposition which he said he wished made of his property was given on November 2, and it will be noticed that the instrument purporting to contain a statement of what he said is dated November 22, 1918. This date of November 22 is explained by the witnesses as being a mistake made by Pero Bayat.

It is not claimed that John Nozica named or stated any date, and the date is properly no part of the alleged will, but merely a prefix made by Pero Bayat. However, it is important as bearing on the credit to be given to the testimony of the witnesses. The original writing in the Serbian language is on an ordinary sheet of ruled, cheap note paper, and no explanation is given in the evidence as to where that sheet of paper was obtained, yet the translation made by the wife of Pero Bayat at their home is on a sheet of paper precisely like the sheet which contains the original writing.

The writing was submitted to the probate court for probate as the last will of John Nozica on December 7, 1918. The evidence is not very clear nor convincing in regard to the circumstances under which the writing was made, nor on the question whether the deceased called upon the witnesses whose names are subscribed to the instrument to bear testimony to such disposition as his will. The trial court having found against the contentions of the proponent of the will, we would, if the case were in this court, be unable to say that such finding is not sustained by sufficient evidence, nor that it is manifestly against the weight of the evidence.

Because of the fact that summons was not issued or served on the adverse party, nor any notice by

publication given him, nor any entry of appearance made, the petition in error will be dismissed.

*Petition in error dismissed.*

WASHBURN and CHITTENDEN, JJ., concur.

RICHARDS and CHITTENDEN, Judges of the Sixth Appellate District, and WASHBURN, Judge of the Eighth Appellate District, sitting in place of Judges METCALFE, FARR and POLLOCK of the Seventh Appellate District.